# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HELEN EPHREM, et.al.,<br><br>    Defendants. | 1:05cv00655 AWI DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Document 18) |

Plaintiff Life Investors Insurance Company of America ("LIICA") filed the instant motion for default judgment on September 7, 2005. The motion was heard on October 14, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney S. Nancy Whang appeared on behalf of LIICA. Defendants Helen Ephrem, Diane Ephrem and Annie Ephrem ("Defendants") have not filed a response to the motion, did not appear at the hearing and have otherwise communicated with the Court.

**BACKGROUND**

Plaintiff LIICA filed this complaint for declaratory relief on May 18, 2005, requesting a declaratory judgment declaring that Life Insurance Policy No. 012957183 issued February 27, 2004 and insuring the life of Tony Ephrem ("Ephrem"), is of no further force and effect; that the

1

Policy has been validly rescinded, that no benefits under the Policy are payable to Defendants; and that LIICA is released and discharged from any liability whatsoever under the Policy.

LIICA contends that in February 2004, Ephrem submitted an application for $100,000.00 in life insurance coverage to LIICA and named his daughter, Helen Ephrem as the primary beneficiary and his daughter Diane Ephrem as the contingent beneficiary. Annie Ephrem was identified as the spouse. The application contained certain statements and representations which LIICA relied upon in issuing the policy, including but not limited to the following: (a) he weighed 185 pounds; (b) he had not in the past 10 years, been treated or diagnosed by a health care professional as having any disease or disorder of the "(1)[b]lood or circulatory system (such as: heart attack, heart disease, palpitations, heart murmurs, chest pain, high blood pressure, stroke, anemia)," or "(6)[e]ndocrine system, muscles or bone (such as diabetes, thyroid, lupus, arthritis, or back problems);" (c) he had not "[h]ad or been advised to have a check-up, consultation, lab test, EKG, x-ray or other diagnostic test;" (d) he was not "currently under the observation of [a] physician or taking medication;" and (e) he had not "within the last 5 years" used any tobacco.

Ephrem died on April 6, 2004. On April 30, 2004, the primary beneficiary submitted a claim to LIICA for benefits under the policy. During the course of the investigation, LIICA determined some of the statements and representations made in the application regarding Ephrem's medical history were false, incomplete and untrue. Specifically LIICA learned: (a) Ephrem weighed approximately 300 pounds, was considered "obese" at or around the time the Application was submitted, and had a history of "morbid obesity;" (b) had a significant history of diabetes and hypertension; (c) had been advised to have a diagnostic test; (d) had been taking medication for hypertension (Atenolol) and diabetes (Glucophage); and (e) had a history of cigarette smoking. On the basis of the investigation, LIICA rescinded the policy and tendered a return of all premiums paid on account of the policy.

LIICA filed this action against Helen Ephrem, Diane Ephrem and Annie Ephrem on May 18, 2005.

On June 14, 2005, LIICA filed proofs of service indicating that the complaint and summons were served on Helen and Diane on May 25, 2005 and Annie was served on June 3 and 4, 2005.

Defendants have not filed an answer or otherwise appeared in this action.

On July 25, 2005, LIICA filed a motion for entry of default which was entered by the Clerk of July 26, 2005. LIICA filed the instant motion for default judgment on September 7, 2005.

## **DISCUSSION**

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default may be entered as follows:

> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t

the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Here, LIICA requests a declaration that the Policy was validly rescinded and is of no further force or effect. Under California law, "a false representation or a concealment of facts whether intentional or unintentional, which is material to the risk, vitiates the policy. The presence of an intent to deceive is not essential." *Telford v. New York Life Insurance Company*, 9 Cal.2d 103, 105 (1937); *see also* Cal.Ins. Code § 331. Accordingly, an insurer is allowed to rescind insurance coverage when it can be shown that an insured made material misrepresentations in an application for insurance. Cal. Ins. Code § 359; *Burns v. Prudential Life Insurance Company*, 201 Cal.App.2d 868, 869-70 (1962). Misrepresenting or concealing facts related to an applicant's health history in an application for insurance is highly material to the risk and makes the policy void *ab initio*. *See Telford v. New York Life Insurance Company*, 9 Cal.2d 103, 105; *Old Line Life Insurance Company of America v. Superior Court*, 229 Cal.App.3d 1600 (1991).

Plaintiff alleges that Ephrem made certain statements and representations in the application that were false, incomplete and untrue; that LIICA relied upon such statements and representations in issuing the policy to Ephrem; that LIICA had no knowledge of the falsity, incompleteness or untruth of said statements and representations until LIICA discovered them during the course of its claims investigation; that each of the statements and representations were material to the risk undertaken by LIICA in issuing the Policy and that LIICA would not have issued the Policy had it known that these statements and representations were false, incomplete or untrue.

With the entry of default, this Court may accept the factual allegations of Plaintiff's complaint as true. Based on LIICA's uncontested allegations, it is entitled to declaratory relief as requested.

**RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that:

1. LIICA's motion for default judgment in favor of LIICA and against Defendants Helen Ephrem, Diane Ephrem and Annie Ephrem be GRANTED;

2. The Court declare that:

    a. The Policy has no force and effect;

    b. The Policy was validly rescinded;

    c. No benefits are payable under the Policy; and

    d. LIICA is released and discharged from any liability whatsoever under the Policy; and

3. LIICA be awarded its costs of suit herein incurred.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 17, 2005            /s/ Dennis L. Beck
3b142a                          UNITED STATES MAGISTRATE JUDGE